# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely motion for rehearing.

_____

No. 3D24-1987
Lower Tribunal No. 24-003602PIC
_____

**Huy H. Tang and Dung D. Tran,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from The State of Florida, Division of Administrative Hearings.

Law Group of South Florida, LLC, and Santino Ruiz, for appellants.

Shutts & Bowen LLP, and Ricky L. Polston and Daniel E. Nordby (Tallahassee); Shutts & Bowen, LLP, and Amy M. Wessel Jones (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and SCALES and LINDSEY, JJ.

ON MOTION FOR REHEARING

LOGUE, C.J.

Upon consideration of Citizens Property Insurance Corporation's motion for rehearing, we grant rehearing and withdraw the opinion filed January 8, 2025, substituting the following opinion in its place. In doing so, we also address the pending motion to dismiss for lack of jurisdiction filed by Citizens.

Huy H. Tang and Dung D. Tran ("the Insureds") made a claim against their insurance company, Citizens. The Insureds maintained the claim was covered under the policy whereas Citizens maintained the claim was not covered. Citizens invoked the alternative dispute resolution provision in section 627.351(6)(*ll*)1., Florida Statutes. Section 627.351(6)(*ll*)1. allows Citizens to issue policies "that provide for the resolution of disputes regarding its claim determinations, including disputes regarding coverage for, or the scope and value of, a claim, in a proceeding before the Division of Administrative Hearings." In the alternative dispute resolution proceeding that was convened, the Insureds filed a "Motion to Dispense with Arbitration Proceeding," which the Administrative Law Judge denied in an October 23, 2024 order captioned, "Order on Petitioners' Motion to Dispense with Arbitration Proceeding." The Insureds seek review of that order.

2

Citizens has moved to dismiss the case for lack of jurisdiction. The Insureds first suggest we have jurisdiction to review the order under Rule 9.130(a)(3)(I) of the Florida Rules of Appellate Procedure, which authorizes nonfinal appeals of orders that "determine the entitlement of a party to arbitration[.]" We reject this contention because Rule 9.130 deals with nonfinal appeals from orders of courts – and the subject order is not an order of a court.

At the outset, we note that a district court's jurisdiction to review nonfinal orders of courts stems from a different constitutional provision than the jurisdiction to review nonfinal orders of administrative agencies. The district court's jurisdiction to review nonfinal orders of "trial courts" stems from the Florida Supreme Court's power to promulgate rules: "[A district court of appeal] may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. In contrast, the district court's jurisdiction to review final or nonfinal administrative orders stems from the Legislature's power to enact general laws: "District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const.

3

Rule 9.130 reflects the Florida Supreme Court's exercise of its power to grant jurisdiction over nonfinal trial court orders. By its terms, Rule 9.130

> applies to appeals to the district courts of appeal of the nonfinal orders authorized herein and to appeals to the circuit court of nonfinal orders when provided by general law. Review of other nonfinal orders in such courts and nonfinal administrative action shall be by the method prescribed by rule 9.100.

Fla. R. App. P. 9.130(a)(1). The first sentence quoted above refers to nonfinal "orders" which is somewhat ambiguous as the term "order" can refer to both court and administrative orders. See Fla. R. App. P. 9.020(f). But the reference in the next sentence to "nonfinal orders in such courts" clarifies that the reference to orders in the first sentence is to judicial orders. Fla. R. App. P. 9.130(a)(1) (emphasis added). This reference is further clarified by the distinction made between "nonfinal orders in such courts" and "nonfinal administrative action." Id. Tracking the Constitution, the rule thus establishes two separate categories, with Rule 9.130 providing the method for review of nonfinal orders "in such courts" and Rule 9.100 providing the method for review of "nonfinal administrative action."

The Insureds next propose Rule 9.100 as a ground for jurisdiction. As relevant here, however, Rule 9.100 provides for nonfinal appeals only for agency action under Chapter 120, the Administrative Procedure Act. See Fla. R. App. P. 9.100(c)(3) (referring to "a petition to review nonfinal agency action

4

under the Administrative Procedure Act"); Fla. R. App. P. 9.190(b)(2) ("Review of nonfinal agency action under the Administrative Procedure Act, including nonfinal action by an administrative law judge, . . . must be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).").

The reach of the rule is limited in this way because, as explained above, a general law is needed to establish jurisdiction and the only general law so providing is a provision of the Administrative Procedure Act. See § 120.68(1)(b), Fla. Stat. ("A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy."). Unfortunately for the Insureds' argument, the Legislature expressly provided that the alternative dispute resolution proceedings in section 627.351(6)(*ll*)1. "are not considered chapter 120 administrative proceedings." We therefore hold that nonfinal orders issued by an administrative law judge of the Division of Administrative Hearings as part of alternative dispute resolution proceedings pursuant to section 627.351(6)(*ll*)1. do not come within the ambit of section 120.68(1)(b) and thus are outside the ambit of Rule 9.100.

In the final analysis, the Insureds seek review of a decision issued during an out-of-court "alternative dispute resolution" proceeding, which the Insureds themselves at certain points characterized as an arbitration and which partakes of many of the attributes of an arbitration. We see no basis for this Court to take jurisdiction to review such an order while the proceeding is ongoing. Accordingly, we dismiss the appeal for lack of jurisdiction.

Dismissed.